[Cite as *SAC Fin., Inc. v. Deaton*, 2013-Ohio-2126.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| SAC FINANCE, INC. | : | |
| | : | Appellate Case No. 2012-CA-4 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 11-CVF-001-1118 |
| v. | : | |
| | : | |
| TAMARA DEATON, et al. | : | (Civil Appeal from Darke County |
| | : | Municipal Court) |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of May, 2013.

. . . . . . . . . . .

PAUL WAGNER, Atty. Reg. #0067647, The Hanes Law Group. Ltd., 111 North Bridge Street, Post Office Box 315, Gettysburg, Ohio 45328
        Attorney for Plaintiff-Appellant

TAMARA and MELVIN DEATON, 217 Lindwood Drive, Greenville, Ohio 45331
        Defendants-Appellees, *pro se*

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Plaintiff-appellant SAC Finance, Inc. appeals from a judgment entry rendered

against it on its complaint for a deficiency judgment against defendants-appellees Tamara and Melvin Deaton for amounts allegedly due under a retail installment contract. SAC Finance contends that the trial court erred by requiring proof that the Deatons actually received a notice of disposition of collateral required by R.C. 1317.16.

{¶ 2}    We agree with SAC Finance that it was merely required to prove that it sent the statutory notice by certified mail, return receipt requested, not that the notice was, in fact, received by the debtors. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

## I.   The Course of Proceedings

{¶ 3}    SAC Finance brought this action against the Deatons for a deficiency judgment for sums due under a retail installment contract and security agreement financing the Deatons' purchase of a 2000 Pontiac Sunfire. After SAC Finance's motion for summary judgment was overruled, the matter was tried to the court.

{¶ 4}    At trial, SAC Finance offered as Exhibit L, a notice allegedly sent to the Deatons of its plan to sell the car, which it had repossessed. The notice included the following language:

> The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you (will or will not, as applicable) still owe us the difference. * * *

{¶ 5}    Joni Holder, an employee of SAC Finance who was familiar with its business records, testified that a notice of disposition of the collateral, Exhibit L, was sent to each of the Deatons, individually, by certified mail. Tamara Deaton, pro se, on cross-examination, asked

Holder if she had a copy of the return receipt card evidencing the Deatons' receipt of the notice. Holder responded: "I do not have that with me, but we send all Ohio's notice of plan to sell by certified mail."

{¶ 6}   At the conclusion of Tamara Deaton's cross-examination of Holder, the trial court asked Holder:

> But you didn't bring with you or provide copies of the green card returns
> for the other letters [which included the notice of disposition of collateral]?
>
> THE WITNESS: I didn't have that in my file, no.

{¶ 7}   Concerning the notice of disposition of collateral, Tamara Deaton testified:

> Okay.   In regards to the Plaintiff's Exhibit L, the letters that were
> supposedly sent, we were never informed of the intent of sale.   And according to
> the ORC 1317.16, the disposition of collateral, we were required to be notified ten
> days prior.   We were never notified.   I've never seen this letter. * * *

{¶ 8}   Following the trial to the court, the trial court took the matter under submission. In its judgment entry, the trial court held:

> It was determined at the hearing and thru [sic] testimony that defendants
> did not receive notice of disposition of collateral required pursuant to ORC
> §1317.16.   Certified mail, return receipt requested was not proven in court.
> Therefore, based upon this information, deficiency judgment will not be rendered
> for plaintiff against defendants.

{¶ 9}   From the judgment rendered against it, SAC Finance appeals.

## II.   The Trial Court Erred by Requiring Proof

## of Receipt of the Notice of Disposition

{¶ 10}   SAC Finance's sole assignment of error is as follows:

WHETHER THE COURT ERRORED [sic] ON IT'S [sic] JUDGMENT ENTRY BY REQUIRING APPELLANT TO PROVE AT TRIAL THAT APPELLEE'S [sic] ACTUALLY RECEIVED THE NOTICES REQUIRED BY OHIO REVISED CODE SECTION 1317.16.

{¶ 11}   R.C. 1317.16(B) provides, in pertinent part:

At least ten days prior to sale the secured party shall send notification of the time and place of such sale and of the minimum price for which such collateral will be sold, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at the debtor's last address known to the secured party * * * .

{¶ 12}   The statute merely requires that the notice of disposition of the collateral be sent to the debtor by certified mail, return receipt requested; it does not require proof that the notice of disposition was actually received. *Ford Motor Credit Co. v. Potts*, 47 Ohio St.3d 97, 548 N.E.2d 223 (1989).   In that opinion, which addressed both the notices required by R.C. 1317.16 and the notices required by R.C. 1309.47, the Supreme Court of Ohio held that: "Contrary to the court of appeals' opinion, the statutes [R.C. 1309.47 and R.C. 1317.16] nowhere require the secured party to delay its sale until return of the certified mail receipt. * * * In fact, no statute or controlling case law specifies that the debtor must actually sign the notice, indicating actual receipt."   *Id.* at 99.

{¶ 13} The trial court erred when it based its judgment upon a finding that SAC Finance had failed to prove that the Deatons had actually received the notice.

{¶ 14} At trial, SAC Finance offered proof that it sent a notice to the Deatons at their last-known address by certified mail, return receipt requested. SAC Finance asks us "to find that the proper notice was sent." But the trial court's judgment entry is ambiguous on this subject. It includes the sentence: "Certified mail, return receipt requested was not proven in court." Because this sentence immediately follows the trial court's finding that the Deatons did not receive the notice, it may merely be a recapitulation of that finding. But it could be a finding by the trial court that it did not credit Holder's testimony that the notice was sent by certified mail.

{¶ 15} We can safely determine, from the judgment entry, that the trial court erred, as a matter of law, by concluding that proof of receipt of the notice was required. We cannot determine that this error was harmless, because it is not clear that the trial court discredited Holder's testimony and found that the notice was not sent. Therefore, the only course open to us is to reverse the judgment and remand this cause for further proceedings.

{¶ 16} SAC Finance's sole assignment of error is sustained.

### III. Conclusion

{¶ 17} SAC Finance's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with the opinion.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Paul Wagner
Tamara and Melvin Deaton
Hon. Julie L. Monnin